UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JAHMIL O. BARRETT,

                Plaintiff,               **REPORT & RECOMMENDATION**
                                                                        **18 CV 2046 (MKB)(LB)**

   -against-

UNITED PARCEL SERVICE (UPS) and
LOCAL 804 UNION (IBT),

                Defendants.
-------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      *Pro se* plaintiff, Jahmil Barrett, moves to file a Sixth Amended complaint in this action. ECF No. 114. Defendants oppose plaintiff's motion. ECF Nos. 124, 125. Pursuant to 28 U.S.C. § 636(b), it is respectfully recommended that plaintiff's request for leave to amend should be denied for the reasons set forth below.

## BACKGROUND

      Plaintiff commenced this *pro se* action on April 4, 2018, against the Local 804 Union (the "Union"), individual Local 804 defendants Eddie Villalta, Anthony Cirulli, and Joe Forcelli, United Parcel Service, Inc. ("UPS"), individual UPS defendants Matt Hoffman, Doug Blunt, and Chris Travaglia, and International Brotherhood of Teamsters ("IBT"), pursuant to section 8 of the National Labor Relations Act, 29 U.S.C. § 151 *et. seq.*, ("NLRA"), section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), 42 U.S.C. § 1983, the applicable collective bargaining agreements, and section 10 of the Federal Arbitration Act, 9 U.S.C. § 10(a)(1) (the "FAA"). Plaintiff alleged unlawful discharge and unfair labor practices, as well as a violation of section 1001 of the federal criminal laws, 18 U.S.C. § 1001(a), and a state law fraud claim. Complaint ("Compl."), ECF No. 1.

Plaintiff has amended his complaint four times. Plaintiff filed an amended complaint on May 15, 2018, and a second amended complaint on June 26, 2018. When plaintiff, with defendants' consent, moved to file a third amended complaint, the third amended complaint was filed removing the IBT and the individual defendants on October 19, 2018. ECF Nos. 40. 42. The Union and UPS defendants moved to dismiss plaintiff's third amended complaint on December 10, 2018. ECF No. 51. The Court denied defendants' motion to dismiss on September 24, 2019. Plaintiff then filed a fourth amended complaint on August 16, 2019. Plaintiff now moves to file a fifth and sixth amended complaint. ECF Nos. 77, 114.[1]

## STANDARD

Under Rule 15(a)(2), the Court should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Applying Rule 15, "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith. A litigant may be prejudiced within the meaning of the rule if the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Pasternack v. Shrader, 863 F.3d 162, 174 (2d Cir. 2017) (internal quotations marks and citations omitted). Leave to amend may also be denied based on the futility of the proposed amendment. Chunn v. Amtrak, 916 F.3d 204, 208 (2d Cir. 2019) (citation omitted).

---

[1] Plaintiff's requests to file a fifth and sixth amended complaint are substantively similar. Plaintiff's fifth amended complaint is therefore denied as moot in light of the sixth amended complaint. The Court addresses only plaintiff's request to file a sixth amended complaint.

**Discussion**

**A. Amendment Would Prejudice Defendants**

Here, plaintiff moves to file a sixth amended complaint, removing plaintiff's reference to a violation of Article V, Section 3 of the CBA. Plaintiff seeks to add violations of "Article 18, Sections 1 & 2" based on newly discovered evidence and a claim regarding the "New Yorker's [*sic*] Worker's Compensation Law § 120." See ECF No. 114 at 3. Furthermore, plaintiff seeks to add a request for an "administrative service fee" of $20,000.[2] Id.

Some courts have granted motions to amend to "refine" a pleading "to reflect evidence obtained during discovery." Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc., No. 15 Civ. 211, 2016 WL 5338550, at *3 (S.D.N.Y. Sept. 23, 2016) (citation omitted). However, other courts have denied motions to amend "to amplify facts." Schmidt v. Stone, No. 14 CV 2519, 2018 WL 4522082, at *12 (E.D.N.Y. Jan. 29, 2018). Here, plaintiff's sixth amended complaint alleges "plaintiff learned . . . through discovery that defendant UPS never notified Mr. Cerulli that plaintiff was fired until plaintiff and Mr. Cerulli met with Mr. Daly some time in 2012 or 2013," and "plaintiff also learned through discovery that on or about October 1, 2014, plaintiff's arbitration agreement case had been withdrawn[.]" See ECF No. 114 ¶¶ 10, 13. These new allegations do not "affect the claims to be tried," are "unnecessary," and would "needlessly [ ]

---

[2] The Court has previously ruled that Mr. Bennie Smith, who has been "assisting" plaintiff, but is not a lawyer, is not entitled to payment from plaintiff in this action. See ECF No. 120. The Court presumes that plaintiff's $20,000 "administrative fee" request is for Mr. Bennie Smith's "Administrative Assistance." Plaintiff cannot claim fees for Mr. Bennie Smith's assistance under any fee-shifting statute. Courts generally deny *pro se* litigants requests for fees pursuant to fee-shifting statutes. See Mintz & Gold LLP v. Daibes, No. 15 Civ. 1218, 2015 WL 2130935, at *8 (S.D.N.Y. May 6, 2015), aff'd, 643 F. App'x 35 (2d Cir. 2016). "It is well-settled that *pro se* litigants . . . are not entitled to fee awards or litigation expenses authorized by fee-shifting statutes." Newman & Cohn, LLP v. Sharp, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (citing Kay v. Ehrler, 499 U.S. 432, 435 (1991)); see also Hensley v. Eckerhart, 461 U.S. 424, 433 n. 7 (1983); Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 695 (2d Cir. 1998)); Clarke v. Parkinson, 225 F.Supp.2d 345, 355 (S.D.N.Y. 2002) ("Where an individual litigant elects to undertake legal research, or factual research, or other case-related tasks, even in order to save counsel fees, the litigant should not expect to have the costs of his or her efforts included in any determination of litigation expenses.")

require the defendant to expend time and resources drafting an answer." Stone, 2018 WL 4522082, at *12. Accord Johnson & Johnson v. Guidant Corp., No. 06 Civ. 7685, 2010 WL 571814, at *11 (S.D.N.Y. Feb. 16, 2010) ("Plaintiff's original complaint was filed over three years ago. The interest in closing the pleadings and continuing the discovery process outweighs any benefit in allowing [p]laintiff to add unnecessary allegations to its existing cause of action."); Ashford v. Goord, No. 07 CV 191, 2009 WL 2086838, at *3 (W.D.N.Y. July 10, 2009) (collecting cases denying leave to amend where additional allegations merely echo those in a party's existing pleading); Scottish Air Int'l, Inc. v. British Caledonian Grp., PLC., 152 F.R.D. 18, 31 (S.D.N.Y. 1993) (quoting Coleman v. Ramada Hotel Operating Co., 933 F.2d 470, 473 (7th Cir. 1991)) ("[W]here the 'additional allegations merely reiterate and embroider the claims . . . already presented in [the] original complaint, adding little, if anything, of substance to [the] case,' justice does not require that leave to amend be granted.").

Plaintiff commenced this action over two years ago. Plaintiff has been afforded ample opportunity to amend his claims. Defendants should not be made to expend additional resources to answer a sixth amended complaint that does not substantively advance plaintiff's claims. Plaintiff's "new discovery" in the proposed sixth amended complaint merely bolsters his existing claims that defendants failed to process his grievance and wrongly discharged him in violation of the CBA. The Court should therefore deny plaintiff leave to amend.

### B. Amendment Would be Futile

Granting plaintiff any additional leave to amend would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) (noting where amendment would be futile, denial of leave to amend is proper.) Plaintiff "has had multiple opportunities to allege sufficient specific facts to render his claims plausible," including in his original complaint, the amended complaint, and the two

4

complaints that followed. Williams v. Calderoni, No. 11 Civ. 3020, 2012 WL 691832, at *8 (S.D.N.Y. 2012). "[L]eave to amend would be futile because plaintiff has already had two bites at the apple and they have proven fruitless." Harris v. Westchester Cty. Med. Ctr., No. 08 Civ. 1128, 2011 WL 2637429, at *4 (S.D.N.Y. July 6, 2011) (quoting Treppel v. Biovail Corp., 2005 WL 2086339, at *12 (S.D.N.Y. Aug. 30, 2005)); Fortis Bank S.A./N.V. v. Brookline Fin. LLC, No. 10 Civ. 894, 2011 WL 1642468, at *2 (S.D.N.Y. Apr. 27, 2011) (denying leave to amend the pleadings as futile where plaintiff would have been afforded two bites at the proverbial apple). See also Al-Qadaffi v. Servs. for the Underserved (SUS), No. 13 CV 8193, 2015 WL 585801, at *8 (S.D.N.Y. Jan. 30, 2015) (denying leave to amend where the plaintiff "has already had one chance to amend his [c]omplaint, and there is still no indication that a valid claim might be stated if given a second chance"); Best v. City of New York, No. 12 CV 7874, 2014 WL 163899, at *3 (S.D.N.Y. Jan. 15, 2014) (denying leave to amend where plaintiff had already been given two opportunities to do so, and noting that "the Court can only afford [plaintiff] so many bites at the apple"). Without a compelling reason to do so, which plaintiff has not proffered, the Court should not grant plaintiff another opportunity to amend.

Moreover, leave to amend is particularly inappropriate where "the problem with [plaintiff's] cause[] of action is substantive." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Allowing plaintiff to amend to add a claim under the New York Workers' Compensation Law § 120 ("WCL") would be futile. The Court lacks jurisdiction over plaintiff's WCL claim as the WCL provides an "exclusive remed[y]" to employees for discrimination for seeking workers' compensation. Rivers v. New York City Hous. Auth., 176 F. Supp. 3d 229, 255 (E.D.N.Y. 2016), aff'd sub nom. Crenshaw v. New York City Hous. Auth., 697 F. App'x 726 (2d Cir. 2017); Ridgway v. Metro. Museum of Art, No. 06 Civ. 5055, 2007 WL 1098737, at *5 (S.D.N.Y. Apr.

5

10, 2007) (dismissing allegations that employer "mishandled [plaintiff's] workers' compensation claim, retaliated against him, and unlawfully terminated his employment because he sought and obtained workers' compensation" for lack of jurisdiction because of the exclusive state-law remedy (citing Burlew v. Am. Mut. Ins. Co., 63 N.Y.2d 412, 482 N.Y.S.2d 720, 472 N.E.2d 682, 684 (1984))); Martinelli v. Swissre Holding (N. Am.) Inc., No. 95 Civ. 10996, 1996 WL 125657, at *3 (S.D.N.Y. Mar. 20, 1996) ("Where an employee has a remedy against his employer in proceedings under the Workers' Compensation Law, that remedy is exclusive." (internal quotation marks and citation omitted)); Williams v. Brooklyn Union Gas Co., 819 F. Supp. 214, 231 (E.D.N.Y. 1993) (noting "As [N.Y. Workers' Compensation Law § 120] provides a remedy to employees alleging retaliatory discharge, that section is exclusive and no cause of action for such a claim exists in the federal district court."). Thus, any WCL claim is not properly presented to this Court. The Court should deny plaintiff leave to amend his complaint to add a WCL claim. See Dilworth v. Goldberg, 914 F. Supp. 2d 433, 470 (S.D.N.Y. 2012) (finding amendment futile where plaintiff sought to add a non-cognizable claim).[3]

### C. Denying Leave to Amend Would Not Prejudice Plaintiff

As discussed *supra*, plaintiff will not be prejudiced if leave to amend is denied, as he will be able to present his "new discovery" as part of the anticipated summary judgment briefing. See Stone, 2018 WL 4522082, at *12 ("To allow amendment simply to amplify facts alleged in the First Amended Complaint. . . is unnecessary and needlessly would require the defendant to expend time and resources drafting an answer."). In sum, the Court should deny plaintiff leave to amend.

---

[3] Even if the Court did have jurisdiction over plaintiff's WCL claim, the statute of limitations on this claim has expired. "The claim against an employer for a discriminatory practice must be made within two years from the date of the alleged practice." N.Y. Workers' comp. Law § 120. Plaintiff asserts that he was wrongfully discharged on July 13, 2011. Thus, any WCL claim should have been presented to the Workers' Compensation Board on or around July 2013. Harrison v. New York, 95 F. Supp. 3d 293, 305–06 (E.D.N.Y. 2015) ("Leave to amend is often futile when a claim is dismissed based on . . . the expiration of the statute of limitations. . .").

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's request for leave to file a sixth amended complaint should be denied.[4]

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: May 14, 2020
Brooklyn, New York

---

[4] Plaintiff's request to file a fifth amended complaint (ECF No. 77) should be denied as moot.