UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

JAHMIL O. BARRETT,

                              Plaintiff,                     **MEMORANDUM & ORDER**
                                                                              18-CV-2046 (MKB)

                       v.

LOCAL 804 UNION (IBT) and UNITED PARCEL
SERVICE INC.,

                              Defendants.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Jahmil Barrett, proceeding pro se, commenced the above-captioned action on April 4, 2018, against Local 804 Union ("Local 804"), the International Brotherhood of Teamsters ("IBT"), Eddie Villalta, and United Parcel Service ("UPS"), alleging unlawful discharge and unfair labor practices. (Compl., Docket Entry No. 1.) On August 16, 2019, Plaintiff filed a Fourth Amended Complaint ("FAC") against Local 804 and UPS, pursuant to section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and the applicable collective bargaining agreement, alleging unlawful discharge and unfair labor practices. (FAC, Docket Entry No. 66.)

       Local 804 and UPS filed separate motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Plaintiff opposed the motions. Plaintiff cross-moved for summary judgment, and Defendants opposed Plaintiff's cross-motion. On March 31, 2022, the Court granted Defendants' motions for summary judgment and denied Plaintiff's cross-motion for summary judgment ("March 2022 Decision"). (Mar. 2022 Decision, Docket Entry No. 231.)

On May 5, 2023, Plaintiff filed a letter and motion requesting reconsideration of the Court's March 31, 2022 Decision. (Pl.'s Letter for Recons. Pursuant to Rule 60 ("Pl.'s Letter"), Docket Entry No. 237; Pl.'s Mot. to Recons., Docket Entry No. 236; Pl.'s Aff. in Supp. of Mot. to Recons. ("Pl.'s Aff."), Docket Entry No. 236.) On May 19, 2023, Local 804 filed a memorandum in opposition to Plaintiff's motion to reconsider, (Local 804 Mem. in Opp'n to Pl.'s Mot. ("Local 804 Opp'n"), Docket Entry No. 239), and UPS filed a separate memorandum in opposition to Plaintiff's motion to reconsider, (UPS Resp. in Opp'n to Pl.'s Mot. ("UPS Opp'n"), Docket Entry No. 241).

For the reasons discussed below, the Court denies Plaintiff's motion for reconsideration.

## I. Background

The Court assumes familiarity with the facts as detailed in the March 2022 Decision, and therefore only provides a summary of the pertinent facts.

### a. Factual background

Plaintiff was an employee of UPS and a member of Local 804, a chapter of IBT. (FAC ¶ 1.) Defendants are Plaintiff's former employer and union. (*Id.*) On July 28, 2008, UPS hired Plaintiff as a part-time pre-loader. (UPS's Stmt. of Undisputed Facts Pursuant to Loc. Rule 56.1 ("UPS 56.1") ¶ 1, Docket Entry No. 208-2.) On or around October 13, 2010, Plaintiff was injured on the job and took leave from his job pursuant to workers' compensation. (*Id.* ¶ 7.) Plaintiff received letters from UPS asking him to report to work or justify his absence. (*Id.* ¶¶ 9–10, 12; Pl.'s Resp. to UPS 56.1 ("Pl.'s Counter to UPS 56.1") ¶ 10, Docket Entry No. 209-1; Five-Day Letters, annexed to UPS Mot. as Ex. J, Docket Entry No. 208-13.) After some back-and-forth between Plaintiff and UPS regarding Plaintiff's return to work, UPS terminated Plaintiff on July 13, 2011. (UPS 56.1 ¶ 19.)

Plaintiff then contacted Anthony Cerulli, a Local 804 union representative, who agreed to represent Plaintiff in grieving his termination. (*Id.* ¶ 20.) Cerulli met with Dan Daly, UPS's then-Labor Relations Manager, in an attempt to challenge Plaintiff's termination. (*Id.* ¶ 21.) On May 10, 2013 and June 6, 2014, Cerulli submitted demands for arbitration of Plaintiff's termination after Daly refused to reinstate Plaintiff. (*Id.* ¶¶ 22–24; Pl.'s Counter to UPS 56.1 ¶ 22.) Ultimately, in October of 2014, Cerulli and Daly signed and submitted a form settling and resolving Plaintiff's grievance. (UPS 56.1 ¶ 32; Local 804's Stmt. of Undisputed Facts Pursuant to Loc. Rule 56.1 ("Local 804 56.1") ¶ 35, Docket Entry No. 207-4.)

On February 9, 2018, Plaintiff filed an unfair labor charge against UPS and Local 804 with the NLRB. (UPS 56.1 ¶ 45.) On April 30, 2018, the NLRB dismissed the portion of the charge that alleged that Local 804 refused to bargain in good faith with UPS, finding that the allegation would be more appropriately filed by an employer. (*See* NLRB Decision dated Apr. 30, 2018, annexed to UPS Mot. as Ex. S, Docket Entry No. 208-22.) The NLRB also held its proceedings in abeyance in light of the significant overlap between Plaintiff's charge and the then pending litigation in this case. (*See* NLRB Abeyance Letter dated July 24, 2018, annexed to UPS Mot. as Ex. T, Docket Entry No. 208-23.)

b. **Procedural background**

On April 4, 2018, Plaintiff commenced the above-captioned action and filed the FAC on August 16, 2019, alleging unlawful discharge and unfair labor practices. (Compl.; FAC.) On December 10 and 11, 2018, Defendants moved to dismiss Plaintiff's Third Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (UPS Mot. to Dismiss, Docket Entry No. 51; Local 804 Mot. to Dismiss, Docket Entry No. 52.) On June 24, 2019, the Court denied Defendants' motions to dismiss (the

"June 2019 Order"). (Mem. and Order dated June 24, 2019, Docket Entry No. 60.) The Court declined to find as a matter of law that Plaintiff's claims were time-barred because Plaintiff raised an issue of fact as to whether he reasonably deferred to Local 804's expertise and in good faith relied upon their representations that his grievance was being pursued and that he had to wait for an arbitration date. (*Id.* at 8.) In addition, the Court found that Plaintiff plausibly alleged a duty of fair representation and section 301 claims against Local 804 and UPS. (*Id.* at 8–14.)

On April 1, 2021, Local 804 and UPS filed separate motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure arguing that Plaintiff's claims are time-barred and fail as a matter of law because Plaintiff failed to respond to the five-day letters and Local 804 rightfully discharged its duty of fair representation in September of 2014 when it secured Plaintiff a settlement offer by which Plaintiff could have returned to UPS. (Mem. of Law in Supp. of UPS Mot. ("UPS Mem.") 1–2, Docket Entry No. 208-1; Mem. of Law in Supp. of Local 804 Mot. ("Local 804 Mem.") 1, 5, Docket Entry No. 207-1.) On April 8, 2021, Plaintiff cross-moved for summary judgment arguing that "Local 804 intentionally and with malice and bad intent arbitrarily refused to proceed with [his] grievance," (Pl's Mot. for Summ. J. ("Pl.'s Mot.") ¶ 20, Docket Entry No. 219), and that, as he replied to UPS's five-day letters there was no evidence justifying his termination, (*id.* ¶¶ 18–19).

In the March 2022 Decision, the Court granted Defendants' motions for summary judgment and denied Plaintiff's cross-motion for summary judgment. (Mar. 2022 Decision.) With respect to Plaintiff's duty of fair representation claim, the Court held that "[b]ased on the evidence in the record, Local 804's actions were neither arbitrary nor in bad faith." (Mar. 2022 Decision 13.) The Court also concluded that without a viable breach of duty of fair

4

representation claim, Plaintiff could not maintain his hybrid section 301/fair representation claim against UPS and dismissed that claim as well. (*Id.* at 21–22.) On May 5, 2023, Plaintiff filed a letter and motion asking the Court to reconsider its decision.[1] (Pl.'s Recons. Letter; Pl.'s Aff.)

## II. Discussion

### a. Standards of review

#### i. Reconsideration

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* Local Civ. R. 6.3 (providing that the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has overlooked"). In addition to considering any evidence or controlling cases the court overlooked, the court should also

---

[1] On May 31, 2023, Plaintiff filed a letter motion requesting that the Court consolidate this case with a recent case Plaintiff filed against the same Defendants regarding the same facts and legal questions at issue before the Court. (Pl.'s Letter Mot. to Consolidate Cases 18-CV-2046 and 22-CV-6925, Docket Entry No. 243.) On June 14, Defendants replied to Plaintiff's motion to consolidate, indicating their consent to the consolidation of both cases. (*See* Resps. to Pl.'s Mot. to Consolidate, Docket Entry Nos. 244, 245.) On June 21, 2023, Plaintiff filed a letter addressed to Defendants stating that the parties need to request a telephone conference with the Court and that "[s]ince the cases are consolidated with your permission and the [C]ourt's approval, I would like to withdraw my rule 60 motion to 'reconsider and reopen.'" (Pl.'s Letter Mot. for Hearing via Telephone ¶ 1.ii, Docket Entry No. 246.) On July 10, 2023, Plaintiff filed a motion addressed to Magistrate Judge Lois Bloom requesting a telephone conference and indicating that he "would like to withdraw [his] rule 60 motion to 'reconsider and reopen'" and that he "would also like to withdraw that motion as well because Plaintiff's NLRB charge has been finalized and there is no need to stay this matter at this time." (Pl.'s Letter Mot. for Hearing ¶ 1.iii–iv, Docket Entry No. 247.) Because Plaintiff appears to condition his withdrawal of this motion to reconsider and reopen on the consolidation of the cases and the Court declines to consolidate the cases, the Court decides the motion.

consider whether there has been "an intervening change of controlling law." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 22-CV-2936, 2023 WL 3159233, at *1 (E.D.N.Y. Apr. 28, 2023) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104).

It is thus well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking [another] bite at the apple." *U.S. for Use & Benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 758 F. App'x 97, 101 (2d Cir. 2018) (alteration in original) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended*, (July 13, 2012)). "A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made.'" *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) (quoting *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014)), *aff'd*, 663 F. App'x 71 (2d Cir. 2016).

### ii. Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a final judgment, order, or proceeding in the case of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *Banister v. Davis*, 590 U.S. ——, ——, 140 S. Ct. 1698, 1709 n.6 (2020)

(quoting Fed. R. Civ. P. 60(b)). "Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). While such motions must be brought "within a reasonable time," *Santander Bank, N.A. v. Harrison*, 858 F. App'x 408, 410 (2d Cir. 2021) (quoting Fed. R. Civ. P. 60(c)(1)), "[t]he one-year limitation period for Rule 60(b)[(1)–(3)] motions is absolute," *Wang v. Int'l Bus. Machines Corp.*, 839 F. App'x 643, 646 (2d Cir. 2021) (second alteration in original) (quoting *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemp. Dance, Inc.*, 466 F.3d 97, 100 (2d Cir. 2006)). "[A] Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Pastor v. P'ship for Children's Rts.*, 856 F. App'x 343, 345 (2d Cir. 2021) (citing *Zerman v. Jacobs*, 751 F.2d 82, 84–85 (2d Cir. 1984)); *see also D'Angelo v. State Farm Fire & Cas. Co.*, 201 F.3d 430, 1999 WL 1295353, at *1 (2d Cir. 1999) (unpublished table decision) ("Rule 60(b) is not a substitute for appeal and may not be used to relitigate the merits of a case." (citing *Competex, S.A. v. Labow*, 783 F.2d 333, 335 (2d Cir. 1986))). "[T]he general rule [is] that a movant bears the burden in Rule 60(b) motions." *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021) (citing *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).

      b.    **The Court denies Plaintiff's motion for reconsideration**

Plaintiff argues that newly discovered evidence demonstrates that the "union . . . arbitrarily and in bad faith handled Plaintiff's grievance . . . [and] is in violation of Section 8(b)(1)(A) of the [LMRA]." (Pl.'s Aff. ¶ 66.) In addition, Plaintiff argues that on January 11, 2023, he filed a timely charge with the NLRB against Local 804 alleging that they violated his rights under the LMRA. (Pl.'s Letter ¶ 3.) Plaintiff also contends that because the judgement

7

from the Court's March 2022 Decision was entered on May 13, 2022, he had until May 13, 2023 pursuant to Rule 60(b) to file this motion to reopen and reconsider. (*Id.* ¶ 4.) Plaintiff requests that the Court reconsider its March 2022 Decision, reopen this case, and issue a stay in this matter until such time as the NLRB decides his petition filed on January 11, 2023. (*Id.*)

Local 804 argues that Plaintiff's motion is untimely under Rule 60(b) because Plaintiff only had one year from March 31, 2022, the date of the Court's decision, to bring this motion to reconsider, and Plaintiff did not file the motion until May 5, 2023. (IBT Opp'n 1.) In addition, Local 804 argues that Plaintiff's newly discovered evidence constitutes a new claim because all of the evidence Plaintiff proffers began occurring on June 22, 2022, after the Court entered judgment against him. (*Id.* at 2.)

UPS argues that: (1) Plaintiff fails to show new evidence that would meet the high burden required to invoke Rule 60(b); (2) Plaintiff's Rule 60(b)(2) motion was not filed within a reasonable time and Plaintiff's filing was not reasonable because he discovered evidence in June of 2022 but did not file his motion until May of 2023; (3) and, even if Plaintiff's motion is not time-barred, Plaintiff's motion still fails to meet the requirements of Rule 60(b)(2) because no exceptional circumstances are present. (UPS Opp'n.)

      i.    **Timeliness**

Local 804 argues that Plaintiff's motion was brought "well beyond the one year limitations period prescribed by Rule 60(c)(1)." (Local 804 Opp'n 1.) In support, Local 804 argues that the operative date for the commencement of the one-year period is the date of the Court's opinion in this matter and that the limitations period is absolute. (*Id.*) UPS argues that Plaintiff's motion was not filed "within a reasonable time" because it was filed ten months after

8

Plaintiff discovered his alleged "new evidence" in June of 2022.[2] (UPS Opp'n 3–4.) In support, UPS argues that Plaintiff is required to explain why he waited over ten months to file this motion, and since Plaintiff did not explain the time gap, his motion should be dismissed as not filed within a reasonable time. (*Id.*) In addition, UPS argues that granting Plaintiff's motion would "impose[] an undue hardship on UPS" because Plaintiff seeks to relitigate his entire employment five years after filing his initial complaint. (*Id.* at 4.)

"A motion under Rule 60(b) must be made within a reasonable time," and a motion made under Rule 60(b)(1), (2), or (3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "The one-year limitation period for Rule 60(b)[(1)–(3)] motions is absolute," *Wang*, 839 F. App'x at 646 (second alteration in original) (quoting *Martha Graham Sch. & Dance Found., Inc.*, 466 F.3d at 100). See also *Daniel v. T&M Prot. Res., LLC*, 844 F. App'x 433, 435 (2d Cir. 2021) ("A litigant must file [certain] Rule 60(b) motion[s] . . . within a year of entry of the judgment or order."); *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977) ("While all motions made pursuant to Rule 60(b) must be brought 'within a reasonable time,' the rule specifies that those falling under the first three clauses must, in addition, be brought within a year of the entry of the challenged judgment.").

However, the "one-year limit is merely an outer limit." *Gonzales v. Nat'l Westminster Bank, Plc*, No. 11-CV-1435, 2013 WL 6978874, at *6 (S.D.N.Y. Nov. 18, 2013). "Rule 60 'requires in all events that [the] motion be made within a reasonable time.'" *Id.* (quoting *LaFortune v. Hertz Corp.*, No. 98-CV-9154, 2000 WL 281779, at *2 (S.D.N.Y. Mar. 13, 2000));

---

[2] UPS concedes that Plaintiff filed this motion within Rule 60(c)'s one-year "outer" time limit. (UPS Opp'n 1 ("Despite filing this motion 8 days prior [to] the Rule 60(c) one-year outer limit . . .").)

9

*see also* Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2866 (3d ed. 2013) (Apr. 2023 Update) ("The one-year period represents an extreme limit, and the motion may be rejected as untimely if not made within a reasonable time even though the one-year period has not expired.") (internal quotation marks and citations omitted). "When assessing what constitutes a 'reasonable time,' we look to 'the particular circumstances of the case, taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality.'" *Wang*, 839 F. App'x at 646 (quoting *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017)); *see also Wyche v. Advanced Drainage Sys., Inc.*, 332 F.R.D. 109, 116 (S.D.N.Y. 2019) (same).

Plaintiff's motion falls within the outer limit prescribed by Rule 60 because it was filed within a year of entry of the judgment.[3] *C.f. Daniel*, 844 F. App'x at 435 (finding the appellant's motion untimely because it was not "filed by the one-year deadline" since the "entry of judgment" (citing Fed. R. Civ. P. 60(c)(1))). However, Plaintiff's motion was not filed within a reasonable time of the May 2022 entry of judgment. Plaintiff filed his motion ten months after he allegedly discovered new evidence purporting to require reopening of this matter and reconsideration of the Court's March 2022 Decision. In addition, Plaintiff failed to provide any mitigating circumstances to justify his untimeliness. Plaintiff's lack of explanation for his delay

---

[3] Although Local 804 argues that Plaintiff's motion is untimely under Rule 60(b)'s one-year limit because Plaintiff filed his motion more than one year after the Court's March 2022 Decision was filed, the Court notes that Rule 60(c)(1) states that the one-year limitation begins to run after "the entry of the judgment *or* order *or* the date of the proceeding," Fed. R. Civ. P. 60(c)(1) (emphasis added), and that courts regularly calculate one year from the date the judgment was entered as the outer limit. *See, e.g., Daniel v. T&M Prot. Res., LLC*, 844 F. App'x 433, 435 (2d Cir. 2021) ("[Plaintiff's] June and July 2020 motions were not filed within a reasonable time of the July 2018 *entry of judgment*. He filed them respectively 23 and 24 months after *judgment* was entered." (emphasis added)); *Pryor v. Berryhill*, 286 F. Supp. 3d 471, 475 (E.D.N.Y. 2017) (calculating the one-year limit under Rule 60(b) as beginning when the Court entered final judgment).

renders the delay unreasonable. *Wyche*, 332 F.R.D. at 116 (finding a four and one-half months period between discovery of new evidence and a motion for reconsideration without explanation for the delay to be unreasonable); *Gonzales*, 2013 WL 6978874, at *6 ("Plaintiffs do not explain why it took them approximately six months from [an expert witness's] deposition in August 2012 to file their motion in February 2013. Without more, that delay is unreasonable and renders [p]laintiff's Rule 60(b) motion untimely."); *United States v. $350,000*, No. 92-CV-4011, 1996 WL 706821, at *2 (E.D.N.Y. Dec. 6, 1996) (finding an unexplained eight-month delay unreasonable); *Sasso v. M. Fine Lumber Co., Inc.*, 144 F.R.D. 185, 188–89 (E.D.N.Y. 1992) (finding an unexplained nine-month delay unreasonable). Accordingly, the Court finds that Plaintiff failed to make his motion for reconsideration within a reasonable time pursuant to Rule 60(c) and dismisses Plaintiff's motion.

### ii. Plaintiff's motion lacks merit

Plaintiff argues that newly discovered evidence shows that "the union [has] arbitrarily refused to petition the arbitrator for an immediate arbitration of Plaintiff's dispute," (Pl.'s Aff. ¶ 56), that "[t]he union has already arbitrarily, and in bad faith refused to file a 'pure' section 301 action suit in a timely manner," (*id.* ¶ 57); and that the "union . . . arbitrarily and in bad faith handled Plaintiff's grievance . . . [and] is in violation of Section 8(b)(1)(A) of the [LMRA]," (*id.* ¶ 66). In terms of the newly discovered evidence, Plaintiff alleges that he mailed a letter to UPS on June 22, 2022 demanding that they honor the October 1, 2014 settlement agreement and reinstate Plaintiff as a full-time driver, but that UPS never responded. (*Id.* ¶ 52.)

Local 804 argues that Plaintiff's newly discovered evidence constitutes a new claim because all of the evidence Plaintiff proffers occurred as of June 22, 2022, after the Court already entered judgment against him. (IBT Opp'n 2.) UPS argues that pursuant to Rule 60(b), Plaintiff

11

bears the burden of demonstrating new evidence that would "materially influence the Court's earlier decision," and that Plaintiff has failed to do so. (UPS Opp'n 2–3.) In support, UPS argues that "Plaintiff's motion conspicuously lacks any explicit reference to what his purported 'new evidence' may be," that Plaintiff "spends the bulk of his brief rehashing his employment history with UPS," and that even when Plaintiff transitions to the "post-judgment present," he "still fails to point out any new evidence." (*Id.* at 5.)

Newly discovered evidence refers to evidence that was already in existence at the time the Court made its prior decision, even if that evidence was not discovered until after the Court's decision or entry of judgment. *See Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 146 (2d Cir. 2020) ("Newly discovered evidence must be of 'facts that existed at the time of trial *or other dispositive proceeding.*'" (quoting *Mirlis v. Greer*, 952 F.3d 36, 50 (2d Cir. 2020))); *Strobl v. N.Y. Mercantile Exch.*, 590 F. Supp. 875, 878 (S.D.N.Y. 1984) ("It is beyond peradventure that 'newly discovered evidence' refers to evidence in existence at the time of [disposition]" (citation omitted)), *aff'd*, 768 F.2d 22 (2d Cir. 1985); Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2859 (3d ed.) ("The same standard applies to motions on the ground of newly discovered evidence whether they are made under Rule 59 or Rule 60(b)(2), and decisions construing Rule 59 in this context are authoritative in construing Rule 60(b)(2). Under both rules, the evidence must have been in existence at the time of the [disposition]. . . .").

Plaintiff's motion lacks merit. Plaintiff fails to clearly identify the allegedly "new evidence" in either his letter or affidavit in support of his motion to reconsider. In his affidavit, Plaintiff rehashes arguments and grievances that he has already presented to the Court. (*Compare* Pl.'s Aff. 2–13 *with* Mar. 2022 Decision.) In the portion of his affidavit that purports to describe "newly discovered evidence," Plaintiff does not present any new evidence, instead he

again accuses Defendants of acting in "bad faith" and "conspiring" with one another. (Pl.'s Aff. ¶¶ 57–60.) *See Okongwu v. Cnty. of Erie*, No. 21-1025, 2022 WL 6585217, at *2 (2d Cir. Oct. 7, 2022), cert. denied, No. 22-6799, 2023 WL 2959462 (U.S. Apr. 17, 2023) (affirming denial of pro se plaintiff's Rule 60(b) motion where pro se plaintiff "did not identify any new evidence," "failed to show that the (unidentified) evidence was admissible," and "did [not] establish that he had been justifiably ignorant of the new facts").

Construing Plaintiff's allegations liberally, Plaintiff does not present evidence that is "newly discovered" as required by Rule 60(b)(2). Fed. R. Civ. P. 60(b)(2). The evidence Plaintiff purports to present is all "evidence" from events that occurred after the final judgment in this matter, and therefore, cannot constitute evidence in existence at the time of the Court's prior disposition. (*See* Pl.'s Aff. ¶¶ 52–66 (describing letters, grievances, and other documents and events that Plaintiff initiated beginning in June of 2022); *see Okongwu*, 2022 WL 6585217, at *2 (finding that pro se plaintiff needed to show that "the newly discovered evidence was of facts that existed during the action" (internal quotation marks and citation omitted)).) Because Plaintiff fails to demonstrate that any of the evidence presented was "newly discovered" under Rule 60(b)(2), the Court denies Plaintiff's motion.

### III. Conclusion

For the foregoing reasons, the Court denies Plaintiff's motion for reconsideration.[4]

Dated: July 14, 2023
      Brooklyn, New York

                                      SO ORDERED:

                                      /s/ MKB
                                      MARGO K. BRODIE
                                      United States District Judge

---

[4] In light of the Court's dismissal of Plaintiff's motion for reconsideration and reopening, the Court denies Plaintiff's letter motion to consolidate this matter with his newly filed action, *Barrett v. Local 804 Union Brotherhood of Teamsters (IBT)*, No. 22-CV-6925 (E.D.N.Y. 2022) as moot. (Pl.'s Letter Mot. to Consolidate, Docket Entry No. 243.) For the same reason, the Court also dismisses Plaintiff's letter motions for a hearing via telephone as moot. (Pl.'s Letter Mot. for Hearing via Telephone, Docket Entry No. 246; Pl.'s Letter Mot. for Hearing, Docket Entry No. 247.)